# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

No. 10-51031

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALONSO PEREZ-RIOS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1338-1

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following pleading guilty in July 2010 to illegal re-entry in the United States after having been deported, in violation of 8 U.S.C. § 1326, Alonso Perez-Rios was sentenced that September. Pursuant to the 23 September 2010 judgment, Perez was sentenced to, *inter alia*: 27 months' imprisonment; and, upon completion of that imprisonment, "only to be released to the custody of the Immigration and Customs Enforcement agency", with three-years' "non-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51031

reporting supervised release". He challenges only his term of imprisonment (term), claiming the district court impermissibly imposed it because of its insistence on Perez' receiving needed medical treatment.

As noted by the district court, Perez' properly calculated Guidelines' sentencing range was 21-27 months. He was sentenced at the top of that range, primarily in order for him to receive needed medical treatment. Perez objected in district court to that length-of-term basis.

In challenging his term, Perez relies on a recent Supreme Court decision, rendered after his sentencing: *Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011) ("[A] court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation".). The district court's length-of-term basis, although well intended, is violative of *Tapia* and constitutes an abuse of discretion.

Accordingly, Perez' sentence is VACATED and this matter is REMANDED for resentencing. Perez was in custody prior to sentencing, and his projected release date is 15 May 2012. Therefore, the mandate shall issue forthwith, and resentencing is to be conducted on a greatly expedited basis.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR EXPEDITED RESENTENCING.